Per Curiam.

Judgment of conviction of defendant, Nicholas Scandore, on each offense charged is reversed on the law and the facts.
The defendant is charged in five complaints numbered 7725, 7726, 7727, 7728, 7729, with violations of Park Department Rules and Regulations and the Administrative Code of the City of New York.
All the offenses are alleged in the complaints to have been committed on September 3, 1953, at 10:00 a.m. By agreement of the parties all were tried together.
The trial herein was a protracted one and the record thereof is lengthy.
There is nothing in the record to establish that the violations were committed on the date and time alleged in the complaints.
There also exists doubt whether the named defendant was the record owner of the said premises on the date the violations were allegedly committed. To establish ownership of the premises in the defendant, the People offered in evidence a photostatic copy of a deed executed by the Parkville Amusement Corporation to Nicholas Scandore recorded on June 30, 1944. There is no evidence whatsoever that this deed is the last deed of record and that title was still in the said named grantee on the date and time in question. There is no explanation of the intervening period, nor is there any statement by anyone that there were no intervening conveyances.
The evidence presented by the People was predicated upon two different theories of action and they were so intertwined during the trial that confusion resulted.
While the complaints do not allege continuing offenses, there is no question in the court’s opinion that the evidence indicates that some violations of that nature exist. The pleadings, however, do not raise this issue; the only issues raised by the pleadings are limited to September 3,1953, at 10:00 a.m. The People are not precluded from pursuing remedial action in regard to these violations since they are of a continuing nature.
We are of the opinion that, for the reasons stated, a reasonable doubt existed as to the guilt of this defendant.
Kozicke, P. J., Byrne and Cannella, JJ., concur.
Judgment reversed, etc.